FILED
CLERK, U.S. DISTRICT COURT

05/14/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LANCE VERLIN COOPER,<br>  aka "Lance Baker,"<br><br>  Defendant. | ED CR No. 5:25-cr-00159-AB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud;<br>18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH ELEVEN

[18 U.S.C. §§ 1344(2), 2(a), 2(b)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Defendant LANCE VERLIN COOPER, also known as "Lance Baker," committed bank fraud, in violation of Title 18, United States Code, Section 1344(2).

2. Bank of America, N.A. ("Bank of America") was a financial institution that was insured by the Federal Deposit Insurance Corporation.

3.   San Manuel Casino, also known as Yaamava' Resort and Casino at San Manuel, ("San Manuel Casino") was located in Highland, California, within the Central District of California.

4.   Morongo Casino Resort & Spa ("Morongo Casino") was located in Cabazon, California, within the Central District of California.

5.   Soboba Casino Resort ("Soboba Casino") was located in San Jacinto, California, within the Central District of California.

B.   <u>SCHEME TO DEFRAUD</u>

6.   Beginning on a date unknown to the Grand Jury, but no later than on or about May 22, 2019, and continuing until at least August 21, 2019, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendant COOPER and other co-schemers known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and with the intent to defraud, devised and executed a scheme to obtain moneys, funds, credits, assets, and other property owned by and in the custody and control of Bank of America by means of material false and fraudulent pretenses, representations, and promises.

7.   The fraudulent scheme operated, and was carried out, in substance, in the manner set forth as follows:

   a.   Co-schemer One would task defendant COOPER and other co-schemers with recruiting co-schemers to open bank accounts at Bank of America.

   b.   Defendant COOPER and other co-schemers would recruit co-schemers to open bank accounts at Bank of America for the purpose of fraudulently creating joint accounts with existing Bank of America customers.

c.  Co-schemers would open bank accounts at Bank of America at defendant COOPER's direction and the direction of other co-schemers.

d.  Co-schemer Two would impersonate existing Bank of America customers using victims' personal identifying information, including bank account numbers, on joint phone calls with Bank of America sales representatives and other co-schemers, including Co-schemer Three.

e.  On the joint phone calls with Bank of America sales representatives, Co-schemer Two and other co-schemers, including Co-schemer Three, would knowingly make false statements, which would cause Bank of America to create joint accounts held in the name of a victim that Co-schemer Two impersonated and a co-schemer, including Co-schemer Three.

f.  Without the victims' permission, co-schemers would transfer funds from victims' personal accounts to the fraudulently created joint accounts.

g.  Without the victims' permission, co-schemers would transfer victims' funds from the fraudulently created joint accounts to accounts held by defendant COOPER and other co-schemers, including Co-schemer Three.

h.  Defendant COOPER and other co-schemers, including Co-schemer Three, would withdraw victims' funds from their Bank of America accounts at casinos and automated teller machines ("ATMs").

C.  EXECUTIONS OF THE FRAUDULENT SCHEME

8.  On or about the following dates, in San Bernardino and Riverside Counties, defendant COOPER committed, and aided, abetted, counseled, and induced Co-schemer Three, and willfully caused Co-

schemer Three, to commit, the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | June 14, 2019 | At 12:37 a.m., defendant COOPER withdrew $3,625.50 belonging to victims H.P. and J.P. from his Bank of America account at San Manuel Casino. |
| TWO | June 14, 2019 | At 1:43 a.m., defendant COOPER withdrew $3,607.95 belonging to victims H.P. and J.P. from his Bank of America account at Morongo Casino. |
| THREE | June 14, 2019 | At 2:05 a.m., defendant COOPER withdrew $3,607.95 belonging to victims H.P. and J.P. from his Bank of America account at Morongo Casino. |
| FOUR | June 14, 2019 | At 2:35 a.m., defendant COOPER withdrew $3,607.95 belonging to victims H.P. and J.P. from his Bank of America account at Morongo Casino. |
| FIVE | June 14, 2019 | At 7:19 a.m., defendant COOPER withdrew $3,625.50 belonging to victims H.P. and J.P. from his Bank of America account at San Manuel Casino. |
| SIX | June 14, 2019 | At 10:36 a.m., defendant COOPER withdrew $3,625.45 belonging to victims H.P. and J.P. from his Bank of America account at Soboba Casino. |
| SEVEN | June 14, 2019 | At 10:55 a.m., defendant COOPER withdrew $3,625.45 belonging to victims H.P. and J.P. from his Bank of America account at Soboba Casino. |
| EIGHT | July 3, 2019 | Defendant COOPER, aiding and abetting Co-schemer Three, withdrew and willfully caused Co-schemer Three to withdraw $3,625.50 belonging to victim P.S. from Co-schemer Three's Bank of America account at an upper-level cashier window inside San Manuel Casino. |

| COUNT | DATE | ACT |
|---|---|---|
| NINE | July 3, 2019 | Defendant COOPER, aiding and abetting Co-schemer Three, withdrew and willfully caused Co-schemer Three to withdraw $3,625.50 belonging to victim P.S. from Co-schemer Three's Bank of America account at a lower-level cashier window inside San Manuel Casino. |
| TEN | July 3, 2019 | Defendant COOPER, aiding and abetting Co-schemer Three, withdrew and willfully caused Co-schemer Three to withdraw $1,032.95 belonging to victim P.S. from Co-schemer Three's Bank of America account at a cashier window inside Morongo Casino. |
| ELEVEN | July 3, 2019 | Defendant COOPER, aiding and abetting Co-schemer Three, withdrew and willfully caused Co-schemer Three to withdraw $200 belonging to victim P.S. from a Bank of America ATM in Beaumont, California. |

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offense set forth in Counts One through Eleven of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence;

///

///

6

(b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

PETER DAHLQUIST
Assistant United States Attorney
Acting Chief, Riverside Office

CORY L. BURLESON
Assistant United States Attorney
Riverside Office